THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MESSINA, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated May 7, 1963, which denied, without a hearing, his application to vacate a judgment of the former County Court, Kings County, rendered June 20, 1961 after a jury trial, convicting him of murder in the first degree while engaged in the commission of a felony, and, on the jury's recommendation, sentencing him to life imprisonment. Order affirmed. This *coram nobis* application is based upon the defendant's claim that at the time of his trial he was legally insane because: (a) he had been previously committed in 1957 to the Central Islip State Hospital upon a civil commitment issued by the County Court, Nassau County; and (b) he had not been discharged therefrom until after he was sentenced upon his conviction. The record discloses the following undisputed facts: The crime for which defendant was convicted occurred subsequent to his escape from Central Islip State Hospital and during his absence therefrom. Prior to arraignment, the County Court, Kings County, committed him to Kings County Hospital for observation and report. That institution's report to the court was that he was competent to stand trial. On motion of his own counsel, the report was confirmed and defendant was remanded for trial. The issue of insanity was thus raised and determined on the trial and is a matter of record. However this issue was not raised on the appeal from the judgment of conviction (16 A D 2d 961, mot. for lv. to app. to Court of Appeals den. Feb. 22, 1963 [DESMOND, Ch. J.]); it cannot be litigated anew on this *coram nobis* proceeding. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORRIS WEISS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the former County Court, Kings County, made and entered April 2, 1962, which denied after a hearing his application to vacate a judgment of said court, rendered January 25, 1937 on his plea of guilty, convicting him of robbery in the first degree, unarmed, and imposing sentence. Order reversed on the law and proceeding remitted to the Supreme Court, Kings County, Criminal Term, for a new hearing and for a determination *de novo*. No questions of fact were considered. In a *coram nobis* proceeding to vacate a judgment, the burden of proof is on the defendant to establish his contention by clear and convincing proof (cf. *People* v. *Lensky*, 1 A D 2d 831; *People* v. *Chait*, 7 A D 2d 399, affd. 6 N Y 2d 855). While we believe that the defendant here failed to sustain his burden, nevertheless, in the interests of justice, we must reverse and direct a new hearing. It appears that in reaching his decision, the Trial Judge relied in part on his personal knowledge and observation of the deceased Trial Judge and the deceased Assistant District Attorney and of their customary practices. A decision, even if reached only in part upon the basis of such personal knowledge and observation, cannot be permitted to stand despite the fact that the decision would have been unassailable had it been predicated solely on the proof in the record (see *People* v. *Lawrence*, 19 A D 2d 899 and cases there cited). Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Kleinfeld, J., dissents and votes to affirm the order.